**THE AGUILERA LAW GROUP, APLC**
A. Eric Aguilera, Esq. (SBN 192390)
Lindsee B. Falcone, Esq. (SBN 268072)
V. René Daley (SBN 199914)
23046 Avenida De La Carlota, Suite 300
Laguna Hills, CA 92653
T: 714-384-6600 / F: 714-384-6601
eaguilera@aguileragroup.com
lfalcone@aguileragroup.com
rdaley@aguileragroup.com

Attorneys for Plaintiff, TRAVELERS COMMERCIAL
INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| TRAVELERS COMMERCIAL INSURANCE COMPANY; a Connecticut Corporation<br><br>Plaintiff,<br><br>v.<br><br>ZEDNEM PROPERTIES, LLC; a California Corporation; YENNY MENDEZ, an individual; and DOES 1 through 10 inclusive, | Case No.:<br><br>**TRAVELERS COMMERCIAL INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF** |

Comes now Plaintiff TRAVELERS COMMERCIAL INSURANCE COMPANY and pleads the following allegations on information and belief in support of its complaint herein:

1

**JURISDICTION**

1.     Plaintiff TRAVELERS COMMERCIAL INSURANCE COMPANY ("TRAVELERS" or "Plaintiff") is now, and at all relevant times was, a corporation, existing under the laws of the State of Connecticut, with its principal place of business in Connecticut.  TRAVELERS is, and at all relevant times was, an insurance carrier eligible to do business as an insurer in the State of California.

2.     Plaintiff is informed and believes and thereon alleges that Defendant ZEDNMEN PROPERTIES, LLC ("ZP") is a corporation organized and existing under the laws of the State of California, with its principal place of business in Burlingame, California. Plaintiff is informed and believes and thereon alleges that ZP is a real estate developer that develops and sells real estate in California.

3.     Plaintiff is informed and believes and thereon alleges that Defendant YENNY MENDEZ ("MENDEZ") is an individual residing in Burlingame, California who is the corporate manager of ZP.

4.     Defendants sued herein as DOES 1 through 10, inclusive, are sued herein by such fictitious names because Plaintiff is unaware of the true names and capacities of said DOE Defendants.  Plaintiff will amend this Complaint to reflect the true names when the same are ascertained.  Plaintiff is informed and believes and thereon alleges that said DOE Defendants are responsible for the acts, events, and circumstances alleged herein, or are interested parties to this action.

5.     Defendants ZP and MENDEZ will be collectively identified in this complaint as "DEFENDANTS".

6.     This Court has original jurisdiction under 28 U.S.C. § 1332 in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.  The amount in controversy exceeds $75,000, and represents attorneys fees, costs and indemnity sought by DEFENDANTS in connection with the defense and/or indemnification in the action currently pending in San Francisco Superior Court Case No. CGC-20-

588556 entitled *361-363 Elsie Street Homeowners Association et al. v. Zednem Properties, LLC et al.* (the "Underlying Action").

**VENUE**

7.       Plaintiff is informed and believes and thereon alleges that the acts and/or omissions at issue in this litigation took place in this judicial district within the State of California.   The Underlying Action is pending in this judicial district.   Venue, therefore, lies with this Court, as a substantial part of the events which are the subject of the claims asserted herein are located and/or took place in this judicial district.

**GENERAL ALLEGATIONS**

**A.**       **The Relevant Insurance Policies**

8.       TRAVELERS issued the following homeowner policies to MENDEZ:

| Policy Number | Policy Period |
|---|---|
| 986451223 633 1 | 3/29/10-3/29/12 |

The above referenced policies are collectively referred to as the "Travelers Policies".

9.       The Travelers Policies contain Homeowners 3 Special Form HO-3 10 06, which provides in part as follows:

**SECTION II – LIABILITY COVERAGES**

**COVERAGE E. PERSONAL LIABILITY**

If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:

1.       Pay up to our limit of liability for the damages for which an "insured" is legally liable.

Case No.:
COMPLAINT

Damages include prejudgment interest awarded against an "insured"; and

2.     Provide a defense at our expense by counsel or our choice, even if the suit is groundless, false or fraudulent.  We may investigate and settle any claim or suit that we decide is appropriate.  Our duty to settle and defend ends when our limit of liability for the "occurrence" is exhausted by the payment of a judgment or settlement;

10.     The Travelers Policies also contain an exclusion that excludes coverage of any "property damage" that is found to be:

Arising out of or in connection with a "business" conducted from an "insured location" or engaged in by an "insured", whether or not the "business" is owned or operated by an "insured" or employs an "insured".  This exclusion applies but is not limited to an act or omission, regardless of tis nature or circumstances, involving a service or duty rendered, promised, owed or implied to be provided because of the nature of the "business".

**B.     The Underlying Action**

11.     The Underlying Action arises out of the 361-363 Elsie Street Development in San Francisco, California (the "Subject Property").

12.     Plaintiff is informed and believes and based thereon alleges that DEFENDANTS purchased a plot of land in San Francisco, California, and then developed two separate condominiums – 361 Elsie Street and 363 Elsie Street.  Both residents were sold by DEFENDANTS.

13.     On December 21, 2020, the homeowners of 361 and 363 Elsie Street filed a complaint in San Francisco Superior Court Case No. CGC-20-588556 entitled *361-363 Elsie Street Homeowners Association et al. v. Zednem Properties, LLC et al.* In the complaint, the homeowners allege the DEFENDANTS failed to meet applicable building standards in the construction of the newly built condominiums and that said construction defects resulted in water intrusion which requires the removal and replacement of the siding, roof and various components of the envelope of the building at a cost in excess of $250,000.

14.     DEFENDANTS tendered their defense and indemnity in the Underlying Action to Travelers pursuant to the Travelers Policies.  Travelers denied the DEFENDANTS tender on the basis that the business exclusion in the Travelers Policies precluded Travelers from having a duty to defend or indemnify the DEFENDANTS in the Underlying Action.

## FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF

### (By Plaintiff Against all DEFENDANTS)

15.     TRAVELERS hereby re-alleges and incorporates by reference each of the allegations contained in all preceding paragraphs of this Complaint as though fully set forth herein.

16.     An actual, present, and justiciable controversy has arisen and now exists between TRAVELERS, on the one hand, and DEFENDANTS on the other, concerning TRAVELERS' rights, duties, and obligations under the Travelers Policies.

17.     Specifically, TRAVELERS contends and is informed and believes that DEFENDANTS dispute the following:

a. TRAVELERS has no obligation to defend or indemnify DEFENDANTS in the Underlying Action because the alleged damages in the Underlying Action are excluded from coverage pursuant to the aforementioned business exclusion contain

within the Travelers Policies.

18.    TRAVELERS asserts and contends that declaratory judgment is both necessary and proper at this time for the court to determine the respective rights, duties, and obligations as between TRAVELERS and DEFENDANTS under the provisions of the applicable policies of insurance.

## **PRAYER FOR RELIEF**

TRAVELERS respectfully prays for judgment, as follows:

1.  For a judicial declaration that (1) TRAVELERS has no obligation to defend or indemnify DEFENDANTS in the Underlying Action because the alleged damages in the Underlying Action are excluded from coverage pursuant to the aforementioned business exclusion contain within the Travelers Policies;

2.  For costs of suit herein;

3.  For such other and further relief as this Court deems just and proper.


Dated:  December 10, 2021          **THE AGUILERA LAW GROUP, APLC**

_____
A. Eric Aguilera, Esq.
Lindsee B. Falcone, Esq.
V. Rene Daly, Esq.
Attorneys for Plaintiff
TRAVELERS COMMERCIAL
INSURANCE COMPANY

6